E-FILED
Friday, 13 November, 2020  10:26:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ZEKWAN MURRELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-2159 |
| | ) | |
| MIKE COASH, et. al., | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. Plaintiff, a *pro se* prisoner, submitted his complaint followed by a motion for leave to amend his complaint. [9].  The motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [9].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint lists various Defendants including the County of Kankakee, the City of Kankakee, the Kankakee Police Department, the Kankakee Area Metropolitan Enforcement Group (KAMEG), Officer Christopher Benoit, Officer Mike Coash, Officer Jason Burse, Officer Joseph, Assistant States' Attorney Clyde Guilamo,

1

Assistant States' Attorney Daniel Reedy, States Attorney James Rowe, and unknown employees of the County, City, and States' Attorney's office.

Plaintiff says he was arrested on June 19, 2018 when police executed a search warrant at a friend's home while the Plaintiff was visiting.  Plaintiff was charged with a drug offense. His complaint indicates there were several hearings during his criminal case including at least one motion to suppress and a motion to dismiss the indictment. Nonetheless, Plaintiff plead guilty to the offense on April 3, 2020 and is currently in the Illinois Department of Corrections.

Plaintiff says he has filed his lawsuit for damages "to redress the injustice that was inflicted upon him." (Amend. Comp., p. 2).  Plaintiff then provides an extensive list of the problems with the investigation into the drug offense, his arrest, and the subsequent criminal proceedings.  For instance, Plaintiff believes officers did not have probable cause to search the home where he was arrested, and Defendants withheld exculpatory evidence because they did not reveal the search warrant was not based on probable cause.

Plaintiff says his conviction was based "solely" upon a video DVD and eavesdropping on his conversations. (Amd. Comp. p. 2). However, the eavesdropping application did not meet Illinois statutory requirements and Plaintiff questions the validity of the form filed with the Circuit Clerk.  The DVD was apparently from 2009, Plaintiff says it should not have been admitted into evidence, and officers did not follow the Illinois State Police's Administrative Rules.

Plaintiff further claims officers provided false or perjured statements at every turn including before the Grand Jury, the hearing on the Motion to Dismiss the Indictment, and the suppression hearings. Plaintiff also includes a general claim alleging police officers "fabricated police reports, eavesdropping exemption forms, DVDs, and other evidence." (Amd.Comp., p. 8).

Plaintiff repeatedly states he was convicted "for a crime he did not commit" based on "false statements," "deceptive tactics," "misleading and misdirecting," and other misconduct. (Amd. Comp., p. 7, 8).

Since Plaintiff is currently serving the sentence imposed for his criminal, drug conviction, the Court must consider whether his claims are barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* states a plaintiff may not pursue a §1983 claim for damages if success on the claim "would necessarily imply the invalidity of his conviction." *Id* at 487.  Most of Plaintiff's claims alleging intentionally providing false information or other intentional misconduct clearly is an attempt to refute Plaintiff's criminal conviction and are therefore barred by *Heck*.

Some of Plaintiff's claims involving a failure to follow administrative directives or state statutes do not allege a violation of Plaintiff's constitutional rights.

However, Plaintiff also alleges his Fourth Amendment rights were violated during the execution of a search warrant which apparently lead to his arrest.  *Heck* generally will not apply to Fourth Amendment claims if the issue of probable cause "has no bearing on the validity of [a] subsequent guilty plea and criminal conviction." *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007); *Simpson v. Rowan*, 73

F.3d 134, 136 (7th Cir. 1995) ("[b]ecause an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment.").

Without more information, it is not clear if Plaintiff's Fourth Amendment claim would be barred by *Heck*. However, even if Plaintiffs' allegation does not imply the invalidity of his criminal conviction, this claim still fails. "A defendant who objects to a search as violating his Fourth Amendment rights bears the burden of proving that he had a legitimate expectation of privacy in the area searched." *United States v. Alexander*, 573 F.3d 465, 472 (7th Cir. 2009). !Plaintiff repeatedly admits the search warrant was not for his residence. Instead, Plaintiff was at a friend's house and Plaintiff was "visiting" at the time of the search. (Amd. Comp., p. 6, 13). Therefore, Plaintiff could not establish he had standing to challenge the validity of the search warrant. *See Minnesota v. Carter*, 525 U.S. 83, 90(1998)("an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not."); *Terry v. Martin*, 120 F.3d 661, 663 (7th Cir.1997) (stating that courts have rejected the notion that temporary day visitors have reasonable expectation of privacy); *Hines v. Wild*, 2013 WL 3755418, at *7 (N.D.Ill. July 12, 2013)("Supreme Court has resisted attempts by guests who are present in another person's home for less time than an overnight stay to establish a legitimate expectation of privacy."); *Willis v. City of Chicago*, 2002 WL 356511, at *1 (N.D.Ill. March 6, 2002)("As a non-resident, Mr. Willis has no standing to challenge the validity of the search warrant.")

The Court also notes "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016)*citing Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31, (1976).

Finally, the Court declines to exercise supplemental jurisdiction over any surviving or intended state law claims. *See* 28 U.S.C. §1367(c)(3)(court may decline supplemental jurisdiction over claim if it has "dismissed all claims over which it has original jurisdiction").

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [9].

2) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. The Court does not believe Plaintiff can correct the cited errors in his pleading if given leave to amend. Therefore, this case is closed. All pending motions are denied as moot. [4, counsel].

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 13th day of November, 2020.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE